UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CORY DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:23-CV-00165-JRG-JEM |
| TOM SPANGLER, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Cory Davis, a federal pretrial detainee housed in the Knox County Detention Facility, submitted a document to the United States District Court for the Northern District of Georgia that was docketed as a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred to this Court [Docs. 1, 2]. On May 15, 2023, this Court entered an Order providing Petitioner fourteen (14) days to either pay the $5.00 filing fee or submit the proper documents to proceed *in forma pauperis* [Doc. 5]. The deadline has passed, and Petitioner has not complied with the Order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous Order is due to Petitioner's willfulness and/or fault. Second, the Court finds that Petitioner's failure to comply with the Order has not prejudiced Respondent, as he has not yet been served. Third, the Court expressly warned Petitioner that this case would be dismissed if he failed to timely comply with the Court's Order [Doc. 5 p. 2]. Finally, the Court finds that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Petitioner's pro se status did not prevent him from complying with the Court's Order, and it does not mitigate the balancing of factors under Rule 41(b). Therefore, the Court finds that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

Although not required to do so, the Court considers whether to grant Petitioner a certificate of appealability ("COA").[1] A COA should issue where a petitioner makes a "substantial showing

---

[1] A COA not required to challenge federal pretrial detention under § 2241. *Winburn v. Nagy*, 956 F.3d 909, 911-12 (6th Cir. 2020) (noting "Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241").

of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is dismissing this petition because Petitioner failed to prosecute this action and comply with a Court Order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable. Accordingly, a certificate of appealability shall not issue.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE